**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000543
17-MAY-2012
10:43 AM**

NO. CAAP-11-0000543

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

JOHN A. REYES, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NO. 10-1-0094 (CR NOS. 04-1-0971 and 07-1-1173))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

Petitioner-Appellant John A. Reyes (Reyes), appearing pro se, appeals from the "Decision and Order Denying Petition for Post-Conviction Relief Without a Hearing" (Order Denying Petition) that was filed on June 16, 2011, in the Circuit Court of the First Circuit (Circuit Court).[1]  We affirm.

I.

Reyes has an extensive adult criminal record with numerous felony convictions spanning over twenty-five years. Prior to the three felony convictions underlying this case, Reyes had been convicted of several felonies in Washington and California and eight felonies in Hawai'i.

The three felony convictions underlying this case stem from Reyes's sale of crack cocaine to undercover officers on two

_____

[1] The Honorable Richard K. Perkins presided over the proceedings relevant to this appeal.

occasions and the recovery of additional amounts of crack cocaine in his possession after the second sale. Reyes was convicted in Criminal No. 04-1-0971 of promoting a dangerous drug in the second degree (PDD 2). He was convicted in Criminal No. 07-1-1173 of PDD 2 (Count 1) and promoting a dangerous drug in the third degree (PDD 3) (Count 2).

On October 6, 2008, the Circuit Court sentenced Reyes to concurrent terms of ten years of imprisonment for the PDD 2 convictions and five years of imprisonment for the PDD 3 conviction. The Circuit Court imposed a mandatory minimum imprisonment term of twenty months for the PDD 2 conviction in Criminal No. 04-1-0971 based on Reyes's status as a repeat offender.

On February 2, 2009, Reyes appeared before the Hawai'i Paroling Authority (HPA) at a hearing to set his minimum terms of imprisonment. After the hearing, the HPA issued an order fixing Reyes's minimum term on each of the two PDD 2 convictions at eight years and on the PDD 3 conviction at five years, with all the minimum terms running concurrently. The HPA found that the level of punishment was "Level III" and identified "Nature of Offense" and "Criminal History" as the significant factors in determining the level of punishment.

On November 30, 2010, Reyes filed a Petition for Post-Conviction Relief (Petition), pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). On June 16, 2011, the Circuit Court issued its Order Denying Petition. This appeal followed.

II.

Based on Reyes's pro se brief, it is difficult to understand the substance of his arguments on appeal. In light of his arguments in the Circuit Court and his citation to Hawai'i Administrative Rules (HAR) § 23-700-21 (1992), it appears that he is challenging the jurisdiction of the HPA to set a minimum term that is longer than the mandatory minimum term imposed by the Circuit Court. Reyes also appears to argue that the HPA's reliance on his "Criminal History" to support its determination

that he fell within the Level III level of punishment was arbitrary and capricious, in violation of his right to due process, and also violated his protection against double jeopardy.[2]

We resolve these arguments as follows:

1.    Reyes's claim that the HPA lacked jurisdiction to determine a minimum term of imprisonment is without merit.  The Circuit Court's imposition of a mandatory minimum sentence under HRS § 706-606.5 (1993, Supp. 2004 & Supp. 2006), based on Reyes's status as a repeat offender, did not deprive the HPA of jurisdiction to impose a minimum term of imprisonment.  See State v. Kamana'o, 118 Hawai'i 210, 218-20, 188 P.3d 724, 732-34 (2008) (stating that the part of the maximum indeterminate term that is unaffected by the mandatory minimum term "remains available for the [HPA's] exercise of discretion with respect to parole").

2.    Reyes's contention that the HPA improperly relied upon his "Criminal History" to support its determination that he fell within the Level III level of punishment is without merit.  Under the HPA's "Guidelines for Establishing Minimum Terms of Imprisonment" (Guidelines), the criteria for "Criminal History" includes: "The person has been convicted previously of three or more felonies committed at different times when s/he was 18 years of age or older[.]"  The record shows that Reyes's prior criminal record satisfies this criteria.  Thus, in relying on the criteria of "Criminal History" to support its determination of a Level III level of punishment, the HPA followed its Guidelines and did not act in a manner that was arbitrary and capricious.

Reyes cites no authority for the proposition that the HPA violated his protection against double jeopardy by considering his prior criminal record in establishing his minimum

_____

[2] Reyes does not raise any discernable argument challenging the HPA's reliance on the "Nature of Offense" criteria to support its determination that he fell within the Level III level of punishment, and we therefore do not address this issue.

terms of incarceration.  Such consideration of a defendant's prior criminal record does not violate double jeopardy.  See Kamana'o, 118 Hawai'i at 219, 188 P.3d at 733 (concluding that the court's imposition of a mandatory minimum term does not constitute double punishment); United States v. Conner, 886 F.2d 984, 985 (8th Cir. 1989) (holding that the use of prior convictions to enhance a defendant's sentence on a subsequent conviction does not violate or implicate the protection against double jeopardy); Morgan v. State, 865 S.W.2d 791, 792-93 (Mo. Ct. App. 1993).

Finally, because Reyes has not shown that the HPA deviated from its Guidelines in establishing his minimum terms, his claim that the HPA erred in failing to provide a justification for its deviating from the Guidelines is without merit.

III.

We affirm the Circuit Court's Order Denying Petition.

DATED:  Honolulu, Hawai'i, May 17, 2012.

On the briefs:

John A. Reyes
Petitioner-Appellant Pro Se

Diane K. Taira
Richard W. Stacey
Deputy Attorneys General
for Respondent-Appellee

*Craig H. Nakamura*
Chief Judge

Associate Judge

Associate Judge

4